IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FMT SOLUTIONS, INC., an Oregon Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>FINANCIAL & TAX STRATEGIES, INC., GARY GOLDBERG, MORRISON FINANCIAL, FORESIGHT EDUCATION, LLC, MIKE MORRISON, JOHN AND JANE DOES 1-20,<br><br>        Defendants. | Civil Action No. _____<br><br><br><br><br>**Trial By Jury Demanded** |

## COMPLAINT

Plaintiff FMT Solutions, Inc. ("FMT") for its Complaint against the above-named Defendants states as follows:

### NATURE OF CASE

1.  This is a suit of a civil nature seeking damages and injunctive relief for copyright infringement arising under the U.S. Copyright Act, as amended, 17 U.S.C. § 101 *et seq.* and particularly § 501(a) thereof.

## PARTIES

2. FMT is an Oregon corporation with its principal place of business at 300 Oswego Pointe Dr., Suite 101, Lake Oswego, Oregon 97034.

3. Defendant FINANCIAL & TAX STRATEGIES, INC. ("FTSI") is a Missouri corporation, having offices and a registered agent for service of process located at 11715 Administration Drive, Suite 201, St. Louis, Missouri 63146-4600.

4. FTSI also has offices and conducts business at 775 Sunset Blvd., Suite B, O'Fallon, Illinois 62269.

5. Defendant GARY GOLDBERG ("Goldberg") is an individual who conducts business in St. Louis County, Missouri and resides in O'Fallon, Illinois.

6. Goldberg formed, operates and is the president, secretary and sole director of FTSI.

7. Defendant FORESIGHT EDUCATION, LLC ("Foresight") is a Texas Limited Liability Company, having a principal place of business in Highland Village, Texas.

8. Defendant MIKE MORRISON resides at Highland Village, Texas.

9. Defendant MORRISON FINANCIAL is a Texas company having a principal place of business in Highland Village, Texas. Morrison Financial is not registered to do business in Texas, and its formal entity status is unknown.

2543519

10. On information and belief, Morrison Financial is owned and operated by Mike Morrison.

11. Foresight, Mike Morrison and Morrison Financial are collectively referred to herein as the Morrison Defendants.

12. Defendants JOHN AND JANE DOES 1-20 are persons or entities yet unknown that are involved with the marketing, distribution, copying or presentation of the infringing materials as identified below.

## JURISDICTION AND VENUE

13. This action arises under the copyright laws of the United States, 17 U.S.C. §§101 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

14. This Court has personal jurisdiction over all Defendants for the reasons that:

   a. they have conducted business within the Eastern District of Missouri, which business has resulted in the injuries and damages alleged herein;

   b. they have performed acts within the Eastern District of Missouri, which acts have resulted in the injuries and damages alleged herein; and

   c. to the extent they performed any acts or business outside this District they directed their acts at this District and performed those acts with knowledge or

reasonable expectancy that those acts would have effect and consequences in this District, particularly the effect and consequences herein alleged.

15. This Court has personal jurisdiction over FTSI in that, as a Missouri corporation and by virtue of its business offices located at 11715 Administration Drive, Suite 201, St. Louis, Missouri, FTSI maintains general contacts and a general presence in Missouri and particularly this District, such that it is deemed to reside in the Eastern District of Missouri or has performed acts within the District.

16. This Court has personal jurisdiction over Goldberg in that, as sole principal and director of a Missouri corporation, Goldberg maintains general contacts and a general presence in Missouri and particularly this District.

17. Venue is proper in this District pursuant to 28 USC §1391(b) and (c) and 28 U.S.C. § 1400(a) in that:

    a. all Defendants have committed acts of infringement in this District;

    b. Goldberg and FTSI have a regular and established place of business in this District; and

    c. FTSI resides in this District.

## BACKGROUND FACTS

### A. FMT's Business and Works of Authorship

2543519

18. For over ten years, Plaintiff has been a national seminar-marketing business that has helped financial planning professionals teach retirement planning and sell financial services and products.

19. As part of its ongoing business, Plaintiff has developed proprietary copyrighted materials and owns numerous copyrighted works, including: (a) the "Retirement Planning Today" ("RPT") seminar workbook, originally published in 2003 and updated in 2007 and 2011; and (b) a promotional brochure (hereinafter collectively the "RPT Materials).

20. The three versions of the workbook and the brochure have been registered with the U.S. Copyright Office and have been awarded the following United States copyright registration numbers respectively:

    a. TX 7-534-326 (registered May 7, 2012);

    b. TX 7-540-922 (registered May 7, 2012);

    c. TX 7-534-335 (registered May 7, 2012); and

    d. TX 7-053-061 (registered January 27, 2010).

The foregoing registrations are hereinafter collectively referred to as the "RPT Registrations."

21. Copies of the registration certificates for the RPT Registrations accompany this Complaint as group Exhibit 1.

2543519

22. At all times FMT has been and still is the copyright owner of the RPT Materials.

### FMT's Business Relationship with Goldberg and FTSI

23. On or about May 2, 2005, Goldberg entered into a contract with FMT to license and use FMT's "Retirement Planning Today" seminar system in accordance with certain terms and conditions (the "FMT-Goldberg License"). A copy of the FMT-Goldberg License accompanies this Complaint as Exhibit 2.

24. FMT licensed Goldberg under the FMT-Goldberg License from 2005 to 2012.

25. Pursuant to the FMT-Goldberg License, FMT provided Goldberg with print copies and certain electronic files of the RPT Materials, along with course aids and Power Point presentations.

26. The FMT-Goldberg License provided, among other things, that "Under no circumstances may Licensee copy, reproduce or transmit SEMINAR materials. Licensee may not distribute SEMINAR materials to financial advisors or any other professionals for the purpose(s) of evaluation, presentation or any other use."

### FMT's Business Relationship with Mike Morrison

27. On October 14, 2005, CM Morrison, Inc., a company owned and operated by Mike Morrison, entered into a contract with FMT to license and use

2543519

FMT's "Retirement Planning Today" seminar system in accordance with certain terms and conditions (the "FMT-Morrison License"). A copy of the FMT-Morrison License Agreement accompanies this Complaint as Exhibit 3.

28. Mike Morrison executed the FMT-Morrison License on behalf of CM Morrison as President of CM Morrison.

29. FMT licensed CM Morrison under the FMT-Morrison License from 2005 to 2011.

30. Pursuant to the FMT-Morrison License, FMT provided Mike Morrison and CM Morrison with print copies and certain electronic files of the RPT Materials, along with course aids and Power Point presentations.

31. Section 6 of the FMT-Morrison License provided, among other things, that "Under no circumstances may Licensee copy, reproduce or transmit SEMINAR materials. Licensee may not distribute SEMINAR materials to financial advisors or any other professionals for the purpose(s) of evaluation, presentation or any other use."

### Creation of Infringing Materials by the Morrison Defendants

32. On information and belief, Mike Morrison created Foresight to publish and disseminate works infringing FMT's rights in the RPT materials.

33. In or about January 2011, the Morrison Defendants began advertising retirement planning seminars titled "Modern Retirement Planning" ("MRP"). The

Morrison Defendants' brochure promoting these MRP seminars copied FMT's brochure virtually word for word.

34. On February 3, 2011, FMT sent a letter addressed to Mike Morrison and CM Morrison. A copy of the letter sent to Mike Morrison and CM Morrison accompanies this Complaint as Exhibit 4.

35. In the February 3, 2011 letter, FMT demanded that Defendants stop all infringement of FMT's copyrighted RPT Material and terminated the License Agreement.

36. CM Morrison and Mike Morrison did not respond to FMT's letter. The Texas Secretary of State lists CM Morrison as an administratively dissolved entity.

37. CM Morrison and Mike Morrison did not return the RPT Materials to Plaintiff as required by the License Agreement and as demanded in the February 3, 2011 letter.

38. In early 2012, FMT learned that the Morrison Defendants were promoting and supplying materials ("Morrison Materials") for financial planning seminars in Texas using workbooks and brochures that were derived from Plaintiff's RPT Materials. The Morrison Materials contain elements that are identical to and derivative of the original content, text, and graphics of FMT's copyrighted RPT Materials.

2543519

39. The Morrison Materials contain claims that they are protected by copyright, and make no mention of FMT or the RPT Materials from which they were derived.

### Infringing Acts by Goldberg and FTSI

40. On or before May 8, 2012, the Morrison Defendants distributed to Goldberg and FTSI the infringing Morrison Materials for Goldberg's and FTSI's use within this District.

41. Goldberg and FTSI received these infringing materials with the specific intent that Goldberg and FTSI would use, distribute and copy the infringing materials in this District and in the Belleville, Illinois area.

42. As Goldberg was a licensee of FMT's materials near the time he and FTSI received the Morrison Materials from the Morrison Defendants, FTSI and Goldberg were aware of FMT's copyrights in the RPT Materials and that the Morrison Materials were infringing copies or derivative works thereof.

43. Despite their knowledge of FMT's copyrights, Goldberg and FTSI used, copied, displayed and disseminated infringing Morrison Materials. Upon information and belief, the materials have been copied and provided to people in this District and in the Belleville, Illinois area in connection with promotional efforts, including one or more seminars taught by Goldberg in or near this District.

2543519

44. Two such seminars took place at Southwestern Illinois College in May 2012. A copy of the brochure advertising those seminars as well as representative sample material from the workbook from those seminars is attached as Exhibit 5.

45. In the brochure, FTSI repeatedly references its offices located in this District on Administration Drive in St. Louis County, Missouri and specifically indicates that the address for those offices be used for registering for the seminars. Hence, the tuition monies received by Goldberg and FTSI for these seminars were received by and processed by Goldberg and FTSI in this District, specifically in St. Louis County, Missouri.

### Distribution of Infringing Materials by the Morrison Defendants

46. On information and belief, Goldberg and FTSI are licensees of one or more of the Morrison Defendants.

47. On or before May 8, 2012, Mike Morrison and one or more of Foresight or Morrison Financial distributed to Goldberg and FTSI infringing Morrison Materials for Goldberg's and FTSI's specific use within this District and in nearby locales.

48. The Morrison Defendants distributed these infringing materials to Goldberg and FTSI with the specific intent that Goldberg and FTSI use, distribute and copy the infringing materials in this District and in the Belleville, Illinois area.

2543519

49. FMT has learned that in addition to providing Morrison Materials to Goldberg and FTSI for reproduction and use in this District, on or about January 27, 2012, Mike Morrison and one or more of Foresight and Morrison Financial used, copied and distributed the infringing Morrison Materials in Farmers Branch, Texas at Brookhaven College for seminars taught by Defendant Mike Morrison.

50. FMT has learned that in addition to providing Morrison Materials to Goldberg and FTSI for reproduction and use in this District, on or about June 12, 2012, Mike Morrison and one or more of Foresight and Morrison Financial used, copied and distributed the infringing Morrison Materials to Charles Munoz and John Mitchell, for seminars taught by Mr. Munoz and Mr. Mitchell at Santiago Canyon College in California.

## CLAIM FOR RELIEF

### (Federal Copyright Infringement)

51. FMT hereby realleges by reference paragraphs 1 through 50 above, as though fully set forth herein.

52. By virtue of the FMT-Goldberg License and the FMT-Morrison License and FMT's provision of RPT Materials, Defendants had access to FMT's copyrighted RPT Materials.

53. Defendants infringed FMT's copyrights through the unauthorized use, reproduction, distribution and transmission of the RPT Materials, the creation of

2543519

derivative works of the RPT Materials, and/or the authorization of same. Upon information and belief, Defendants have derived financial benefit from the unauthorized copying and use of the RPT Materials.

54. Defendants have infringed and are infringing FMT's registered copyrights in violation of 17 U.S.C. § 501.

55. Defendants' acts described above were committed and are being committed willfully, and with knowledge of FMT's prior rights in the RPT Materials.

56. By reason of the acts complained of, FMT has suffered damage and will continue to suffer permanent and irreparable injury, the extent of which is presently unknown, and FMT will suffer continuing damages and irreparable injury unless Defendants are promptly enjoined from use of the RPT Materials, or any colorable copy thereof.

57. FMT has no adequate remedy at law.

58. Pursuant to 17 U.S.C. § 502, FMT is entitled to preliminary and permanent injunctions restraining Defendants and their officers, agents and employees, and all persons acting in concert with them, from engaging in further acts in violation of the copyright laws.

59. Pursuant to 17 U.S.C. § 503, FMT is entitled to preliminary and permanent injunctions ordering the impoundment and destruction of any and all

2543519

disks, documents, and other storage media containing the Morrison Materials or any other infringing material derived from the RPT Materials.

60. Pursuant to 17 U.S.C. § 504, FMT is entitled to the actual damages suffered by it as a result of the infringement and any profits of Defendants that are attributable to the infringement, or to an award of statutory damages.

61. FMT is further entitled to statutory damages pursuant to 17 U.S.C. § 504, in a sum of not less than $750.00 or more than $30,000.00 per act of infringement, and statutory damages of not more than $150,000.00 per act of willful infringement.

62. FMT further is entitled pursuant to 17 U.S.C. § 505 to an award of its attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, FMT respectfully demands judgment in its favor and against Defendants and prays for:

a. A preliminary and permanent injunction, pursuant to 17 USC § 502, prohibiting and restraining Defendants, their officers, agent, employees and all persons acting in concert with them from:

    1. copying and using the Morrison Materials or any other infringing material derived from the RPT Materials without authorization from FMT;

2543519

      2.    engaging in the unauthorized creation of derivative works by modifying the copyrighted RPT Materials or creating any other infringing material derived from the RPT Materials in violation of copyright laws; and

      3.    engaging in any further such acts in violation of the copyright laws.

b.    A preliminary and permanent injunction pursuant to 17 USC § 503, ordering the impounding of:

      1.    all copies of the copyrighted materials including Morrison Materials or any other infringing material derived from the RPT Materials made or used in violation of FMT's exclusive ownership rights; and

      2.    all copies of any derivative works modifying the copyrighted RPT Materials or any other infringing material derived from the RPT Materials made or used in violation of the copyright laws;

c.    A permanent injunction, pursuant to 17 USC § 503, ordering the destruction of:

      1.    all copies of the Morrison Materials or any other infringing material derived from the RPT Materials made or used in violation of FMT's exclusive ownership rights; and

2543519

  2. all copies of any derivative works modifying the copyrighted RPT Materials or any other infringing material derived from the RPT Materials made or used in violation of the copyright laws;

d. Such actual damages, pursuant to 17 USC § 504 and applicable Missouri law, as FMT has sustained as a result of:

  1. defendants' knowing, willful violations of copyright laws;

  2. defendants' breach of the License Agreement;

  3. defendants' unjust enrichment with respect to the License Agreement at the expense of FMT;

e. Such additional profits of Defendants' pursuant to 17 USC § 504, as a result of its knowing, willful infringement of FMT's exclusive ownership rights under the copyright laws;

f. Statutory damages pursuant to 17 USC § 504, in the amount of not less than $750.00 or more than $30,000.00 for each act of infringement by Defendants and statutory damages of not more than $150,000.00 per act of willful infringement by Defendants;

g. Punitive damages in an amount to be determined at trial;

h. Prejudgment and post judgment interest;

i. An assessment of costs, pursuant to 17 USC § 505 against Defendants;

2543519

j.     An award of attorneys' fees, pursuant to 17 USC § 505, against Defendants and for FMT; and

k.     Whatever additional relief that the court deems just and proper.

### Demand for Trial by Jury

FMT hereby requests trial by jury on all claims so triable.

DATED this **16** day of October, 2012.

                               **EVANS & DIXON, LLC**

By: _/s/ Don V. Kelly_

                               Don V. Kelly (#37121MO)
                               dkelly@evans-dixon.com
                               Benjamin M. Fletcher (#58309MO)
                               bfletcher@evans-dixon.com
                               211 North Broadway, Suite 2500
                               St. Louis, Missouri 63102
                               314-621-7755
                               314-884-4466 (fax)

                               Attorneys for Plaintiff

2543519